

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Kenneth A. Greene | * | |
| 3425 St. Ambrose Avenue | * | |
| Baltimore, MD 21215 | * | |
|     Plaintiff | * | |
|        v. | * | JURY TRIAL DEMANDED |
| | * | |
| Bluestem Sales, Inc. | * | Civil Action No. WMN 15-cv-1181 |
| d/b/a Fingerhut | * | |
| 6509 Flying Cloud Drive #200 | * | |
| Eden Prarie, MN 55344 | * | |
|     Defendant | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AMENDED COMPLAINT

INTRODUCTION

1.     This is a complaint against a merchant who is alleged to have engaged in unfair and deceptive trade practices and debt collection practices.

PARTIES

2.     Kenneth A. Greene is an aggrieved individual who has been a customer of Fingerhut since November 2005, and who resides in Baltimore, Maryland.

3.     Bluestem Sales, Inc is a corporate entity doing business under the assumed name of "Fingerhut" which is engaged in the sale of goods and services, with its business incorporated in Minnesota; Fingerhut is engaged in the collection of debts Plaintiff owes to WebBank.

STATEMENT OF JURISDICTION

4. This court has jurisdiction over this matter which raises federal questions pursuant to 15 U.S.C. § 1692 and 28 U.S.C. §§1331, 1332, 1343, and 2201. This court has pendent jurisdiction over state consumer protection law claims.

STATEMENT OF FACTS

5. In November 2005, Plaintiff applied for credit with WebBank.

6. Upon his application being approved by WebBank, a Fingerhut Advantage Credit Account was opened in Plaintiff's name; the account number assigned to this account was 6369-9210-0289-1843.

7. The right to receive payment for purchases on the Fingerhut Advantage Credit Account has been assigned by WebBank to Fingerhut, however, Fingerhut turns over payments received from its customers to WebBank.

8. Fingerhut Corporation is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and 1692f(6) whose function vis a vis WebBank is the collection of consumer debts.

9. Some federal courts have ruled that a collector of debt is not a "creditor" but is rather a "debt collector" under the FDCPA where the collector of debt buys defaulted debt from an original creditor for the purpose of debt collection. See, Holmes v. Telecredit Services Corporation, 736 F. Supp. 1289, 1293 (D. Del. 1990); Kimber v. Federal Financial Corp., 668 F. Supp. 1680, 1685 (D. Ala. 1987); Federal Trade Commission Opinion Letter dated February 22, 1993 (http://www.ftc.gov/os/statutes/fdcpa/letters/arbuckle.htm).

10. For nearly ten years, Plaintiff paid his account by the due date, and his credit limit was substantially increased.

11. Plaintiff usually makes two separate payments to Fingerhut each month to pay the total amount due on his WebBank account to Fingerhut by the due date, and maintain his account in good standing.

12. Plaintiff has set up an automatic payment for $15.00 from one account, and manually pays the balance of the monthly payment due, if any, from a second account.

13. Payments are usually due on or about the 15th of each month.

14. On February 5, 2015, Plaintiff's 84 year-old mother was taken by ambulance from her home to St. Agnes Medical Center upon Plaintiff observing what appeared to be gangrene about her left, lower extremity; Plaintiff's mother was admitted to the facility.

15. Over the next few days, physicians and surgeons associated with St. Agnes Medical Center telephoned Plaintiff to request authorization to amputate his mother's left leg just above the left knee.

16. Plaintiff has some functional knowledge of medical practices and procedures, and believing that amputation of his mother's leg was not needed, declined to grant such authorization, and adamantly requested that an angioplasty be performed to "cure" his mother's circulation problems and end six years of pain and suffering resulting from her medical condition.

17. Plaintiff was well aware that the GP bypass which Dr. Nancy Clark had performed about February 2009, without Plaintiff's permission, had become blocked to disallow blood flow through the lower extremities; Dr. Clark refused to perform any other procedure to alleviate the problem she unlawfully created, asserting her refusal to open the arteries on the basis of the patient's age.

18. On February 8, 2015, after four days of haggling with licensed doctors and

surgeons, one surgeon agreed with the diagnosis and treatment suggested by Plaintiff, and St. Agnes Medical Center was given authorization to perform an angiogram, possibly followed by an angioplasty and stent implant, to restore circulation of blood to the left leg.

19. Said procedure was completed the evening of February 9, 2015.

20. To alleviate the possibility that the pain, suffering and circulation problems would not recur, the left big toe was amputated.

21. On February 20, 2015, Plaintiff's mother was out of danger, and was transferred to Future Care for rehabilitation and therapy.

22. During the month of March 2015, WebBank advised plaintiff that he was being given a $800 credit limit increase.

23. Still serving as the legally responsible relative of his mother, and holding a health care power of attorney, Plaintiff remained in daily contact with the health professionals at Future Care, Baltimore City Health Department and other health care entities.

24. On or about March 25, 2015, Mary Greene returned home, with both legs in their usual place, but minus a big left toe which had disrupted the flow of blood about Mrs. Greene's lower extremities.

25. With his focus being primarily directed to the health of his mother during this period, Plaintiff failed to make the second payment to Fingerhut Corporation due on March 15, 2015, and his account became past due.

COUNT ONE

Claims for Violations of 15 U.S.C. § 1692

26. Plaintiff incorporates all statements made above as if fully set forth in this count.

27. At 8::01 a.m. on March 16, 2015, Plaintiff was awakened when he received his first call from Fingerhut's debt collector, a female named Santina.

28. Plaintiff explained to Santina why he had failed to make a timely payment.

29. For the next ten days, Plaintiff was awakened between 8:00 a.m. and 8:25 a.m. by a debt collector calling on behalf of Fingerhut to collect a debt owed to WebBank by telephoning Plaintiff from (866) 836-8987.

30. When plaintiff was awakened by his telephone call from Fingerhut, he would answer the telephone, but usually, there was no one on the line to speak to.

31. This outrageous harassing conduct without a genuine purpose began to infuriate the Plaintiff.

32. Plaintiff began to record the date and time of the calls from Fingerhut.

33. During the period March 27 - April 7, Plaintiff made a record of the calls from Fingerhut which is shown below-

| Date | Time(s) and name of Caller |
|---|---|
| 3/27/15 | 8:12 a.m. |
| 3/28/15 | 8:15 a.m.. 10:08 a.m. |
| 3/29/15 | 12:16 p.m. |
| 3/30/15 | 9;20 a.m., 12:01 p.m. |
| 3/31/15 | 8:13 a.m., 9:23 a.m., 10:17 a.m. |
| 4/01/15 | 8:21 a.m., 9:30 a.m. |
| 4/02/15 | 8:16 a.m., 9:26 a.m. |
| 4/03/15 | 8:13 a.m. |
| 4/04/15 | 8:11 a.m., 12:33 p.m. - Santina |
| 4/05/15 | ? |
| 4/06/15 | 8:32 a.m. - Santina |
| 4/07/15 | 8:15 a.m. |

34. When Santina spoke with Plaintiff on April 6, he asked that Fingerhut stop waking him up in the mornings; Plaintiff had usually just gotten to bed about 4:00 - 5:30 a.m.

35. For about a week, Plaintiff did not recognize any calls from Fingerhut to his telephone number.

36. Fingerhut had begun to call Plaintiff's 84 year-old mother requesting location information on the Plaintiff.

37. Plaintiff placed a remote extension of his mother's telephone near his bed.

38. Calls were then received on his mother's telephone number as shown below:

| Date of Call | Time of call and name of caller (f any one spoke) |
|---|---|
| 4/15/15 | 8:25 a.m., 10:57 a.m., 12:25 p.m. |
| 4/16/15 | 8:02 a.m., 8:34 a.m., 11:43 a.m., 1:58 p.m. |
| 4/17/15 | 9:11 a.m., 10:12 a.m., 11:02 a.m., 12:42 p.m. -Jeanine |
| 4/18/15 | ? |
| 4/19/15 | ? |
| 4/20/15 | 8:17 a.m. - Latoya, 9:22 a.m. - Vanmessa |
| 4/21/15 | 8:15 a.m. |

39. When Plaintiff spoke with Jeanine on April 17, 2015, he informed Jeanine that there was no basis for Fingerhut collectors to be calling Plaintiff's immobile, 84 year-old mother, and that if Fingerhut persisted in calling her telephone number without any real purpose, that he would be compelled to sue Fingerhut to stop the calls.

40. Mary E. Greene has granted Power of Attorney to Kenneth A. Greene.

41. Mary Greene has been listed on the "Do Not Call" listing for the purpose of not being caused to receive calls from telephone salespeople and debt collectors seeking location information about her former tenants.

42. Despite being requested to stop calling Mrs. Greene's telephone number, Fingerhut continued to call Mrs. Greene about the Plaintiff's debt to WebBank.

43. Fingerhut has violated the federal Fair Debt Collection Practices Act in his dealings with Mary Greene and Plaintiff.

44. Fingerhut has violated the federal Fair Debt Collection Practices Act by harassing and annoying Plaintiff and his mother by causing their telephones to ring without anyone communicating information, and with no other rational purpose.

45. Fingerhut has violated § 805(b) - Communication in connection with debt collection activites.

46. Fingerhut has violated § 807 of the FDCPA by

   a. (2) The false representation of—

      (A) the character, amount, or legal status of any debt; or

      (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

   b. (6) The false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to—

      (A) lose any claim or defense to payment of the debt; or

      (B) become subject to any practice prohibited by this title;

   c. (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

   d. (12) The false representation or implication that accounts have been turned over to innocent purchasers for value.

47. Fingerhut has regularly made telephone call to plaintiff for the purpose of harassing and annoying the plaintiff.

48. Fingerhut has violated the federal Fair Debt Collection Practices Act by repeatedly

contacting Plaintiff's mother seeking location information on Plaintiff while being fully aware of the Plaintiff's location, address and telephone number.

49.  § 813 provides that -

(a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of ---

>   (1)  any actual damage sustained by such person as a result of such failure;
>
>   (2)  (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or
>
>   (B) in the case of a class action,
>
>   (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and
>
>   (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and
>
>   (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

50.  The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer. § 809(c).

51.  The calls to Plaintiff's mother's telephone number have not ceased.

52.  WHEREFORE, Plaintiff prays this court;

a.  Assume jurisdiction over this Complaint;

    b.    Declare that Fingerhut is a "debt collector;"

    c.    Declare that Fingerhut has made calls to Plaintiff and to Plaintiff's mother's telephone number to annoy and harass Plaintiff and his 84 year-old mother;

    d.    Award Plaintiff damages of $1,000.00 per violation;

    e.    Award Plaintiff exemplary damages, special damages, attorney fees and costs; and

    f.    Grant such other relief as is just and fair.

## COUNT TWO

### Claims under the Maryland Consumer Protection Act

53.    Plaintiff incorporates all statements made above as if fully set forth in this count.

54.    [A]ny person may bring an action to recover for injury or loss sustained by him as the result of practices prohibited by the Consumer Protection Act, and can recover actual damages, including reasonable attorney fees. CL § 13-408(a).

55.    A violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, is a violation of the CPA, Maryland Code, §13-301 and 13-303. Cf., Pennsylvania's Unfair Trade Practice and Consumer Protection Law, 73 P.S. § 201-2.

56.    WHEREFORE, Plaintiff prays that this Court

    a.    Assume jurisdiction over this count;

    b.    Grant Plaintiff summary judgment against Fingerhut Corporation;

    c.    Enter an Order restraining Fingerhut Corporation from making telephone calls to third parties concerning debts of principals employing frauddulent and clearly false pretenses;

    d.    Enjoin Fingerhut from telephoning customers in a manner which is annoying and harassing;

e    Award Plaintiff $1,000.00 per violation against Fingerhut Corporation as provided for in the Maryland's Consumer Protection Law;

f.    Award Plaintiff special damages and exemplary damages totaling not less than $10,000.00, costs and attorney fees against Fingerhut Corporation; and

g.    Grant such other relief as is just and fair.

## COUNT THREE
### Claims Against Fingerhut Corporation
### Pursuant to the Maryland Fair Debt Collection Procedure Act

57.    Plaintiff incorporates by reference all statements made hereinabove as though each word was inscribed in this count.

58.    Defendants have violated the Maryland version of the FDCPA by communicating with Plaintiff in a manner that is reasonably expected to abuse or harass the debtor. <u>Maryland Code, § 14-205(6)</u>.

59.    Maryland Code, § 14-203 establishes liability "for damages proximately caused by violations, including damages for emotional distress or mental anguish with or without accompanying physical injury.

60.    WHEREFORE, Plaintiff prays that this Honorable Court:

a.    Assume jurisdiction over this cause of action;

b.    Award Plaintiff damages of $1,000.00 per violation;

c.    Award Plaintiff damages for emotional distress and/or mental anguish; and

d.    Grant such other relief as is just and fair.

Respectfully submitted,

*[signature: Kenneth Allen Greene]*

Kenneth Allen Greene
3423 St. Ambrose Avenue
Baltimore, MD 21215-6312
S410) 367-8812
saacdc@juno.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## VERIFICATION

Each statement made in the foregoing Complaint is true and correct, has been made to the best of Plaintiff's knowledge, information and belief, and is made subject to federal and state statutes relating to unsworn falsification to authorities, including 28 U.S. § 1746.

*[signature: Kenneth A. Greene]*

Kenneth A. Greene